UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JAMES RAYMOND HIGGS**                                                            **PLAINTIFF**

v.                                         **CIVIL ACTION NO. 4:21-CV-P66-JHM**

**BO THORPE**                                                           **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff James Raymond Higgs is incarcerated as a pretrial detainee at the Grayson County Detention Center (GCDC). He sues GCDC Deputy Jailer Bo Thorpe in his official capacity for the alleged violation of his constitutional rights. As relief, Plaintiff seeks damages.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Eighth/Fourteenth Amendment Conditions-of-Confinement Claims

As noted above, Plaintiff is a pretrial detainee. While the Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[1]

---

[1] At this time, the Sixth Circuit has recognized only one explicit exception to the general rule that rights under the Eighth Amendment are analogous to rights under the Fourteenth Amendment - in the context of excessive-force claims brought by pretrial detainees. *Id.* at 938 n.3 (noting that *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims but declining to apply the *Kingsley* standard to a claim of deliberate indifference to a serious medical need brought by a pretrial detainee); *see also Griffith v. Franklin Cty.*, 975 F.3d 554 (6th Cir. 2020) (declining to reach the issue); *Cameron v. Bouchard*, 815 F. App'x 978, 984-85 (6th Cir. 2020) (declining to decide whether *Kingsley* controlled jail detainees' challenge to COVID-19 precautions and holding that, at a minimum, a violation of due process required more than simple negligence). Therefore, the Court will apply the Eighth Amendment's deliberate indifference standard to Plaintiff's claims regarding his placement in segregation and sack lunches.

The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

### 1. Segregation

Plaintiff first alleges that Defendant Thorpe placed him in segregation for ten months. Plaintiff states that Defendant Thorpe had "no grounds" to place him in segregation and that Defendant Thorpe "kept changing the reason why I was in disciplinary seg." Plaintiff alleges that Defendant Thorpe's action violated his right to be free from "cruel and unusual punishment."

The Sixth Circuit has held that "[b]ecause placement in segregation is a routine discomfort that is part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment violation." *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (citation omitted) (confinement in administrative segregation for "three years and running" fails to state an Eighth Amendment claim). Indeed, the Sixth Circuit has stated that the "[t]emporary loss of privileges and confinement in segregation - without any allegations that basic human needs were not met - cannot establish an Eighth

4

Amendment claim." *Alexander v. Vittitow*, No. 17-1075, 2017 U.S. App. LEXIS 22601, at *12-13 (6th Cir. Nov. 9, 2017); *Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011) (same).

In light of this jurisprudence, the Court concludes that Plaintiff's allegation that he was placed in segregation for ten months, without an accompanying allegation that a basic human need was not met, must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Sack Lunches

Plaintiff also alleges that he was forced to suffer "cruel and unusual punishment" when he "was fed sack lunches that were unsanitary by which I mean the sandwhich chips and cookies were just thrown in a brown bag and served to me." Plaintiff contends that the "sandwich & chips are suppost to get there own bags."

In order for a prisoner to prevail on an Eighth Amendment claim, a plaintiff must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions-of-confinement claims).

The Court finds that Plaintiff's allegation regarding his sack lunches does not suggest that any GCDC official, including Defendant Thorpe, was deliberately indifferent to a serious risk to Plaintiff's health or safety. Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### B. Fourteenth Amendment Equal-Protection Claim

Finally, the Court turns to Plaintiff's claim that his right to equal protection was violated when Defendant Thorpe required Plaintiff, but not other inmates, to wear shackles to virtual court hearings.

The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal-protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *see also Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant aspects. . . ." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (holding that to be a similarly-situated person, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it.'") (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).

Upon review, the Court concludes that Plaintiff's allegation of disparate treatment is too conclusory to state an equal-protection claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: September 29, 2021

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
     Grayson County Attorney
4414.011